**IN THE UNITED STATES BANKRUPCTY**
**COURT FOR THE SOUTHERN DISTRICT**
**OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GRIDDY ENERGY LLC, | § | Case No. 21-30923 (MI) |
| | § | |
| Debtor. | § | |
| | § | |
| RUSSEL F. NELMS, in his capacity as | § | |
| Plan Administrator of the Estate of | § | |
| GRIDDY ENERGY LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 22-03315 |
| | § | |
| ELECTRIC RELIABILITY COUNCIL | § | |
| OF TEXAS, INC., | § | |
| | § | |
| Defendant. | § | |

**ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.'S**
**RESPONSE TO PLAINTIFF'S MOTION TO CLARIFY**
**ASSIGNMENT OF ADVERSARY PROCEEDING [Adv. Dkt. No. 8]**

Subject to and without waiving its motion to dismiss (scheduled to be filed on December 22, 2022), Electric Reliability Council of Texas, Inc. ("ERCOT") files this Response to Plaintiff's Motion to Clarify Assignment of Adversary Proceeding ("Motion").

1.      On November 3, 2022, Russell F. Nelms, in his capacity as Plan Administrator of the Estate of Griddy Energy LLC ("Griddy"), commenced this adversary proceeding before Judge Isgur. Yet Griddy seeks clarification regarding the assignment of this adversary proceeding. Because Griddy cannot show why this adversary proceeding should not proceed before Judge Isgur, the Motion should be denied.

2.      Following his appointment as the mediator in the adversary proceeding commenced by *Brazos Electric Power Cooperative, Inc.* against ERCOT (Adversary Proc. No. 21-3863

(DRJ)), Judge Isgur reassigned the *Just Energy* and *Entrust* adversary proceedings against ERCOT

to Judge Jones. *See* Order Reassigning Adversary Proceeding, entered March 23, 2022, Adv. Proc.

No. 22-03018, Adv. Dkt. No. 8; Order Reassigning Adversary Proceeding, entered March 14,

2022, Adv. Proc. No. 21-04399, Adv. Dkt. No. 121. This adversary proceeding was not pending

during the period of time Judge Isgur was mediating the issues in the *Brazos* adversary proceeding.

3.       Judge Isgur has not reassigned this adversary proceeding, and neither Griddy nor

ERCOT is aware of any reason Judge Isgur should do so. *See* Motion at 3, ¶ 6. To the contrary,

Judge Isgur's familiarity with Griddy's adversary proceeding against TXU may be helpful in this

adversary proceeding. *See Nelms v. TXU Retail Energy Co. LLC*, Adv. Proc. No. 22-3025.

4.       Additionally, Judge Isgur's role as mediator in the *Brazos* adversary proceeding has

ended.

For all these reasons, the Motion should be denied.

2

Dated: December 5, 2022

**MUNSCH HARDT KOPF & HARR, P.C.**

By:  */s/ Jamil N. Alibhai*

    Jamil N. Alibhai
    Texas Bar No. 00793248
    jalibhai@munsch.com
    Kevin M. Lippman
    Texas Bar No. 00784479
    klippman@munsch.com

    3800 Ross Tower
    500 N. Akard Street
    Dallas, Texas  75201-6659
    Telephone: (214) 855-7500
    Facsimile:  (214) 855-7584

**ATTORNEYS FOR THE ELECTRIC
RELIABILITY COUNCIL OF TEXAS, INC.**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on December 5, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for United States Bankruptcy Court for the Southern District of Texas.

    */s/ Jamil N. Alibhai*
    Jamil N. Alibhai

3

4876-0503-0977