### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **GRIDDY ENERGY LLC,** | § | |
| | § | **Case No. 21-30923(MI)** |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| **RUSSELL F. NELMS, in his capacity as** | § | |
| **Plan Administrator of the Estate of** | § | |
| **GRIDDY ENERGY LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **Adversary No. 22-03315** |
| | § | |
| **ELECTRIC RELIABILITY COUNCIL** | § | |
| **OF TEXAS, INC.,** | § | |
| | § | |
| Defendant, | § | |

### PLAINTIFF'S MOTION TO REINSTATE

Plaintiff Russell F. Nelms, as Plan Administrator for the Estate of Griddy Energy LLC, respectfully brings this Motion to Reinstate the matter and proceed on the remaining claims as described herein. Defendant has opposed this Motion not because the underlying question hasn't been decided per this Court's prior abatement order, but because Defendant contends that Plaintiff should, as part of this Motion, seek to amend its complaint and start all over, rather than have this Court simply decide the remainder of their Motion to Dismiss.

In its 12(b)(c) motion to dismiss Plaintiff's complaint, Defendant asked this Court to dismiss all claims or, in the alternative, to abstain from deciding the claims that are predicated on whether the price ERCOT charged for electricity during Winter Storm Uri was valid and correct. The Court determined that

1

abstention was appropriate and abated this action pending a final order or judgment from a proper forum regarding the amounts Defendant should have charged the Debtor for electricity during Winter Storm Uri. (Doc. 36). Plaintiff brought suit against Defendant and the PUC in the 345th District Court, Travis County, Texas, for a determination on the key issue. *See Russell F. Nelms, as Plan Administrator of the Estate of Griddy Energy LLC. v. The Public Utilities Commission of Texas and Energy Regulatory Commission of Texas, Inc.*, Cause No. D-1-GN-23-002294. 345th Judicial District, Travis County, Texas.

Meanwhile, a parallel case challenging the $9,000/MWh price was heading up on appeal to the Supreme Court of Texas. *Public Utility Commission of Texas v. Luminant Energy Company LLC*, No. 23-0231 (Tex.).  The parties to this matter anticipated that the Supreme Court of Texas' decision would result in a dispositive determination of the correct price, so the parties agreed to stay the case in the 345th District Court pending the *Luminant* decision. In June, the Supreme Court issued its decision and determined that the $9,000/MWh price was correctly set and the PUC had the authority to set it the way it did. *See PUC of Tex. v. Luminant Energy Co. LLC*, 691 S.W.3d 448, 466 (Tex. 2024). The mandate has since issued, and the decision is final. Because the pricing issue was decided, Plaintiff (with the agreement of ERCOT and the PUC) nonsuited the case in the 345th District Court.

Now that the pricing determination has been made in an appropriate forum, this case is ready to move forward on Griddy's claims arising out of ERCOT's wrongful termination of Griddy's REP agreement in violation of the *force majeure* clause therein, ERCOT's improper taking of certain funds, and ERCOT's inequitable behavior that should equitably subordinate its proof of claim.

Given the Supreme Court of Texas' decision, the causes dependent on allegations of incorrect pricing are no longer supported (Count 1 – Disallowance of ERCOT's Proof of Claim' Count 4 – Avoidance of Fraudulent Transfer of an Obligation; Count 5 – Avoidance of Fraudulent Transfer of

Money; and Count 7 – Negligence).[1] Plaintiff has indicated as much to Defendant, and Plaintiff withdraws its opposition to Defendant's motion to dismiss these claims.

On the other hand, Plaintiff's breach-of-contract claim (Count 6) is predicated on two breaches: one, that the $9,000/MWh was inappropriate, and two, that Defendant inappropriately terminated its contract with Debtor in violation of the parties' *force majeure* clause. To the extent that Count 6 rests on the first breach, Plaintiff acknowledges that theory is no longer valid. However, the second theory of liability does not require any finding regarding the price of electricity. So, Count 6, along with Count 2 – Disallowance of ERCOT's Administrative Claim; Count 3 – Avoidance of Preference; Count 8 – Disallowance of Claim under 11 U.S.C. § 502(d); Count 9 – Equitable Subordination; and Count 10 – Unjust Enrichment—none of which require this Court to make a pricing determination contrary to the Supreme Court of Texas's—all remain viable, and this Court should proceed to deny the Motion to Dismiss as to these claims.

Given that the pricing issue has been determined, Plaintiff respectfully requests the Court to reinstate this matter to its docket and reschedule the Rule 7016 conference.

---

[1] By way of reminder, Plaintiff already agreed to the dismissal of Counts 4 and 5 in its Response to Defendants' Motion to Dismiss.

Dated: October 18, 2024                          Respectfully submitted,

                                                 */s/ Kevin N. Colquitt*
                                                 Mazin A. Sbaiti
                                                   Texas Bar No. 24058096
                                                   MAS@SbaitiLaw.com
                                                 Kevin N. Colquitt
                                                   Texas Bar No. 24072047
                                                   KNC@SbaitiLaw.com
                                                 Griffin Rubin
                                                   Texas Bar No. 24121809
                                                   GSR@SbaitiLaw.com
                                                 SBAITI & COMPANY, PLLC
                                                 2200 Ross Avenue, Suite 4900
                                                 Dallas, Texas 75201
                                                 T: (214) 214-3400
                                                 F: (214) 853-4367

                                                 ***COUNSEL FOR PLAINTIFF***

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Jamil Alibhai and Elliot Clark, counsel for Defendant, in a series of emails from October 15-17, 2024, regarding Plaintiff's request to reinstate this matter to the Court's docket. ERCOT's counsel stated its position as follows: "If plaintiff wants to move forward with the claims below and dismiss the pricing claims and allegations, the plaintiff needs to file a motion to lift stay attaching a motion for leave to file an amended complaint with a copy of the proposed amended complaint so we can determine whether those pleaded claims implicate *Burford* and the Fifth Circuit's application of abstention to the *Just Energy* and *Entrust* proceedings or any of the other defenses that the Court reserved ruling on." I responded that I believed that the Court invited us to come back after the pricing issue was decided, that jumping through the hoops ERCOT set forth was unnecessary, and that I did not believe an amended complaint was necessary. Counsel for ERCOT indicated that they disagreed and oppose this motion to reinstate.

*/s/Kevin N. Colquitt*
Kevin N. Colquitt