IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | | |
| **GRIDDY ENERGY LLC,** § | | |
| § | Case No. 21-30923(MI) | |
| Debtor. § | | |
| § | | |
| § | | |

| | | |
|---|---|---|
| **RUSSELL F. NELMS, in his capacity as** § | | |
| **Plan Administrator of the Estate of** § | | |
| **GRIDDY ENERGY LLC,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Adversary No. 22-03315 | |
| § | | |
| **ELECTRIC RELIABILITY COUNCIL** § | | |
| **OF TEXAS, INC.,** § | | |
| § | | |
| Defendant, § | | |

**PLAINTIFF'S CONDITIONALLY UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING REGARDING ERCOT'S MOTION TO DISMISS AMENDED COMPLAINT AND FOR ABSTENTION**

Plaintiff, Russell Nelms, as Plan Administrator for the Griddy Energy LLC Estate ("Griddy"), respectfully seeks leave to address three issues that arose during oral argument on Thursday, February 13, 2025, regarding *Electric Reliability Council of Texas, Inc. ("ERCOT")'s Motion to Dismiss Amended Complaint and for Abstention*. Whether to grant such leave is within this Court's sole discretion. *See S&W Enters. v. Southtrust Bank of Ala.,* 315 F.3d 533, 536 (5th Cir. 2003) (courts have inherent jurisdiction to manage proceedings before them).[1]

---

[1] Griddy notes that ERCOT submitted some 48 pages total to the Court, including 17 pages in reply without leave, versus Griddy's 29 pages. Despite the fact that the Court did not authorize a reply in support

While the Court did not call for additional briefing, Griddy respectfully requests to provide supplemental authorities and/or clarification because the issues had either not been raised in ERCOT's Motion at all or in the way the Court appeared to be analyzing the matter. Specifically, Griddy wishes to squarely address:

- The fact that, were this Court to send the entire case to state court (rather than just a predicate question to be resolved, say, by the PUC before returning to this Court to adjudicate the dispute), the state forum would lack subject matter jurisdiction given ERCOT's claim of immunity;

- The fact that SFA § 8.C.1 provides the contractual bases for the justiciable standard articulated by Griddy at the hearing—namely, that Griddy would not simply get to escape paying forever, but would have to show commercially reasonable efforts to pay after the *force majeure* event concluded; and

- That binding precedent supports Griddy's position that ERCOT's construction of the term "prevent" in the *force majeure* definition as meaning to directly cause performance to be impossible should be rejected—it has been repeatedly rejected as unreasonably narrow and would render all or parts of the *force majeure* provision superfluous.

Griddy has attached its proffered three-page supplement hereto as Exhibit A. While, granted, being legal points, they could have been raised via a post-decision motion or on appeal, Griddy respectfully submits that it is more efficient to present them to the Court now while it is considering its decision.

For the foregoing reasons, Griddy respectfully requests that the Court consider its supplemental briefing.

---

of the Motion to Dismiss to be filed by ERCOT (Dkt. 41), ERCOT filed a 17-page Reply six days before the hearing (Dkt. 47) without leave and which the Court did not strike, and which raised several new issues that the Court may be considering. Griddy asks for nothing more than a brief chance to supplement its position on the issues raised by the Court during oral argument.

Dated: February 21, 2025                               Respectfully submitted,

                                                              **SBAITI & COMPANY, PLLC**

                                                              */s/ Mazin A. Sbaiti*
                                                              Mazin A. Sbaiti
                                                                 Texas Bar No. 24058096
                                                                 MAS@SbaitiLaw.com
                                                              Kevin N. Colquitt
                                                                  Texas Bar No. 24072047
                                                                 KNC@SbaitiLaw.com
                                                               Griffin Rubin
                                                                 Texas Bar No. 24121809
                                                               GSR@SbaitiLaw.com
                                                               2200 Ross Avenue, Suite 4900
                                                               Dallas, Texas 75201
                                                               T: (214) 432-2899
                                                               F: (214) 853-4367

                                                        ***COUNSEL FOR PLAINTIFF***

## CERTIFICATE OF CONFERENCE

      I hereby certify that I conferred with Jamil Alibhai, counsel for Defendant, regarding the relief sought herein. Mr. Alibhai indicated that he believes the issues that Plaintiff requests to provide supplemental briefing on could have been addressed in Plaintiff's response brief. However, he also indicated that Defendant does not oppose the Court granting Plaintiff leave to file a three-page supplemental brief if the Court also grants Defendant leave to file a three-page response to Plaintiff's supplemental brief.

                                                              */s/ Kevin N. Colquitt*
                                                              Kevin N. Colquitt