IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**GRIDDY ENERGY LLC,**<br><br>  Debtor. | § § § § § § § §    Case No. 21-30923(MI) |
| **RUSSELL F. NELMS, in his capacity as Plan Administrator of the Estate of GRIDDY ENERGY LLC,**<br><br>  Plaintiff,<br><br>v.<br><br>**ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.,**<br><br>  Defendant, | § § § § § § § § § § § § § §    Adversary No. 22-03315 |

**GRIDDY ENERGY LLC'S SUPPLEMENTAL BRIEFING REGARDING ERCOT'S MOTION TO DISMISS AMENDED COMPLAINT AND FOR ABSTENTION**

Plaintiff Russell Nelms, as Plan Administrator of the Estate of Griddy Energy LLC ("Griddy"), respectfully seeks to address three issues that arose during oral argument on Thursday, February 13, 2025, regarding *Electric Reliability Council of Texas, Inc. ("ERCOT")'s Motion to Dismiss Amended Complaint and for Abstention*, and briefly raises three points.

*First*, regarding *Burford* abstention, the Court asked whether, rather than identifying a predicate question to send to the PUC or state court, it could send the entire matter to state court. Undersigned counsel for Griddy responded that Griddy had not considered the issue in those terms, but believed that under *Burford* the Court would have to identify the question and the forum the

1

EXHIBIT
A

Court found had the superior right to adjudicate the dispute. He noted that while the SFA's venue provision clearly evinced that the PUC thought a state or federal court had the institutional competency to hear the dispute, that was not relevant to *Burford* as it was merely a venue provision. Upon further reflection, there is a *jurisdictional* problem with the Court's suggestion. While the SFA essentially waives ERCOT's immunity from liability, it may not waive immunity from suit, which is a jurisdictional issue in state court. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). That immunity is not available in federal court, *In re Entrust Energy,* 101 F.4th 369 (5th Cir. 2024) (finding that ERCOT has no sovereign immunity in federal court), and in any event has been waived under § 106 of the Bankruptcy Code by ERCOT's filing its proof of claim. The ability to sue ERCOT for damages, Griddy is concerned, likely would not hold in a state forum. Consequently, it does not appear to be the case that any state forum has concurrent jurisdiction with the Bankruptcy Court for this dispute. Accordingly, the Court should decline *Burford* abstention not only because ERCOT hasn't upheld its burden, but because there is likely not another forum that can hear this dispute.

*Second*, the Court expressed concern that Griddy's interpretation of the force majeure clause would yield a situation where it would never have to repay ERCOT. This argument had *not* been raised by ERCOT in its Motion. In response to the Court's question, Griddy argued that it is a question of fact whether, after a commercially reasonable amount of time, Griddy's continued inability to pay was "due to" the Force Majeure Event. While it remained obligated to pay the amounts under the SFA, it would have to have taken reasonable measures to raise the money to pay off the debt in timely fashion. Granted, when asked by the Court, Griddy was unable to identify the contractual support. However, Griddy draws the Court's attention to SFA § 8.C.1:

> If, due to a Force Majeure Event, either Party is in breach of this Agreement with respect to any obligation hereunder, such Party shall take reasonable steps, consistent with Good Utility Practice, to remedy such breach.

SFA § 8.C.1. As Griddy suggested, the SFA clearly envisages that a force majeure event may cause continuing non-performance even *after* the storm ends and provides a post-Default opportunity for Griddy to use commercially reasonable efforts to cure a force majeure-related breach. This is a justiciable standard as Griddy attempted to articulate during oral argument.

*Third*, the Court noted ERCOT's argument that the term "prevent" in the force majeure definition might be limited to directly rendering performance impossible. While ERCOT cited no authority, Griddy cited the definition of "prevent" as meaning to "hinder or delay" and that "performance" had to be read coextensively with the broader phrase "due to" in the SFA. Griddy also contended that Winter Storm Uri and the Emergency Orders directly caused an unexpected electricity bill so high that Griddy could not pay it within the SFA's three-day deadline—e.g., Griddy's performance was hindered and delayed "due to" Uri and the Emergency Orders. Griddy pointed out that *contra proferentum* meant that Griddy's interpretation supersedes ERCOT's. To answer whether Griddy had authority on its side, it now points to *MIECO, L.L.C. v. Pioneer Nat. Res. USA, Inc.,* where the Fifth Circuit rejected an interpretation of "prevent," similar to ERCOT's, as meaning directly rendering performance impossible or impracticable. 109 F.4th 710, 717-721 (5th Cir. 2024). The court held that such an interpretation was an "unreasonable reading" of the term "prevent." *Id.* at 718. The Fifth Circuit noted that "prevent" also means "'hinder or impede'" which allows for practical downstream effects—such as price increases that prevent performance—to count. *Id*. (citing *Prevent*, BLACK'S LAW DICTIONARY (11th ed. 2019). The Fifth Circuit noted that limiting the force majeure clause's use of "prevent" to directly making performance impossible or impracticable would render the provision superfluous given the

3

already-available defense of impossibility and impracticability of performance. *Id.* at 718. Thus, the fact that a party hypothetically *could* perform given extrinsic options was not a bar to its invoking *force majeure* in the first instance. *Id.*

Moreover, ERCOT's reading of "prevent" would also render the "beyond the reasonable control" and "without the fault or negligence" portions of the definition in this case superfluous. *See LNG Ams., Inc. v. Chevron Nat. Gas*, No. H-21-2226, 2023 U.S. Dist. LEXIS 63868, at *19-20 (S.D. Tex. 2023) (construing "prevent" to mean directly making performance impossible renders "reasonable control" language superfluous); *see also MEICO*, 109 F.4th at 717-721 (same for language requiring *force majeure* be without party's own negligence). Moreover, ERCOT's reading requires this Court to add only the most restrictive meaning of the word "direct" to the definition, where it is not there at all. *Cf. LNG*, 2023 U.S. Dist. LEXIS 63868, at *13 (construing clause that excused performance only to "the extent that [it] **directly** prevents or restricts [performance]" as excusing breach due to "series of events" stemming from *force majeure* event) (emphasis added). These rationales apply here too, while ERCOT has cited no contrary authority.

Therefore, the Motion should be denied in full.

Dated: February 21, 2025                                Respectfully submitted,

                                                             **SBAITI & COMPANY, PLLC**

                                                             */s/ Mazin A. Sbaiti*
                                                             Mazin A. Sbaiti (TX Bar No. 24058096)
                                                             Kevin N. Colquitt (TX Bar No. 24072047)
                                                             Griffin Rubin (TX Bar No. 24121809)
                                                             2200 Ross Avenue, Suite 4900
                                                             Dallas, Texas 75201
                                                             T: (214) 432-2899
                                                             F: (214) 853-4367
                                                             E: mas@sbaitilaw.com
                                                                  knc@sbaitilaw.com
                                                                  gsr@sbaitilaw.com
                                                             **COUNSEL FOR PLAINTIFF**